961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dennis BOARTS, Plaintiff-Appellant,
v.
Ralph GRANZELLA and Richard Hansen, Defendants-Appellees.
 No. 91-1152.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Dennis Boarts (Boarts), appearing pro se, appeals from the district court's Order of Dismissal of his 42 U.S.C. § 1983 civil rights complaint. He contends that: (1) Res judicata should not bar relief in this action because he has not been afforded the opportunity to claim monetary damages as a result of his continued incarceration due to due process violations which led to loss of good time and freedom pursuant to parole rather than incarceration, and (2) the mootness doctrine should not be applied because his good time was not restored in time "for actual application which would have led to timely release on parole."
 
 
 3
 Mr. Boarts' complaint alleges, inter alia, that he "appealed to Department of Corrections and the Disciplinary Action was expunged from Mr. Boarts' record and good time reinstated (see Appendix A)." (R., Vol. I, Tab 1, p. 5).
 
 
 4
 We affirm the Order of Dismissal entered by the district court for substantially the reasons set forth in the Order of Dismissal dated January 31, 1991, a copy of which is attached hereto, and the Recommendation of the United States Magistrate dated October 17, 1989, a copy of which is attached hereto. The mandate shall issue forthwith.
 
 ATTACHMENT
 
 5
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 
 6
 DENNIS J. BOARTS, Plaintiff,
 
 
 7
 v.
 
 
 8
 RALPH GRANZELLA and RICHARD HANSEN, Defendants.
 
 Civil Action No. 89-Z-518
 Jan. 31, 1991
 ORDER OF DISMISSAL
 
 9
 Plaintiff Dennis J. Boarts filed this Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on March 28, 1989, against Ralph Granzella, a supervisor at the Delta Correctional Facility, and Richard, a corrections officer at the Delta Correctional Facility. In his Complaint, plaintiff alleges that his constitutional due process rights were violated during various prison administrative proceedings and in the denial of good time credits.
 
 
 10
 Pursuant to Local Rule 605.D., this matter was referred to United States Magistrate Hilbert Schauer. Magistrate Schauer filed a Recommendation by United States Magistrate on October 17, 1989, in which he recommended that the Complaint be dismissed as the claims raised therein could and should have been litigated in previous law suits brought by plaintiff and said claims are therefore barred by the doctrine of res judicata. Plaintiff filed objections on November 30, 1989, in which he objected to the recommendation because the previous law suits sought declarative and injunctive relief while the present law suit seeks only monetary relief and because plaintiff's claim based on the denial of good time credits did not arise until the termination of the previous actions.
 
 
 11
 The Court is required to make a de novo determination of those portions of the Magistrate's recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court has done so, and has considered carefully the recommendation of the Magistrate, the petitioner's objections thereto, the file in this action as well as the files from the previous actions, and the applicable case law. In Civil Action Number 87-Z-118, plaintiff raised the same allegations of denials of due process in administrative proceedings. A careful review of the Complaint filed in 87-Z-118 reveals that plaintiff was seeking, in part, monetary relief for the alleged wrongs. The Magistrate therefore correctly concluded that plaintiff's due process claims which are virtually identical to those raised in 87-Z-118 and which arise out of the same body of operative facts are now barred by the doctrine of res judicata.
 
 
 12
 The portion of plaintiff's claim based on the denial of good time credits, however, did not arise until June 25, 1987 as that is the date on which plaintiff first became aware of the denial. Civil Action Number 87-Z-118 was dismissed in an Order of Dismissal entered by this Court on June 11, 1987. It was therefore impossible for plaintiff to assert his claims based on the denial of good time credits in the previous action. However, because plaintiff successfully appealed to the Department of Corrections and had his good time reinstated and applied towards his parole, plaintiff's claim based on denial of good time credits is moot. See Appendix to Civil Rights Complaint Pursuant TO 42 U.S.C. § 1983. Accordingly, it is
 
 
 13
 ORDERED that the Civil Rights Complaint Pursuant To 42 U.S.C. § 1983 and this cause of action are dismissed with prejudice.
 
 
 14
 DATED at Denver, Colorado, this 31st day of January, 1991.
 
 BY THE COURT:
 
 15
 /s/ ZITA L. WEINSHIENK, Judge
 
 United States District Court
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 
 16
 DENNIS J. BOARTS, Plaintiff,
 
 
 17
 v.
 
 
 18
 RALPH GRANZELLA and RICHARD HANSEN, Defendants.
 
 Civil Action No. 89-Z-518
 Oct. 17, 1989
 RECOMMENDATION BY UNITED STATES MAGISTRATE
 
 19
 Plaintiff Dennis J. Boarts filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against Ralph Granzella; a supervisor at the Delta Correctional Facility and Richard Hansen; a corrections officer at the Delta Correctional Facility. In accordance with Local Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado, this matter was referred to Magistrate Hilbert Schauer.
 
 
 20
 In 1987 the Plaintiff filed four separate civil rights cases with the following civil action numbers and results: 87-Z-118; dismissed with prejudice, 87-Z-659; dismissed without prejudice, 87-Z-988; dismissed without prejudice, and 87-Z-1423; dismissed with prejudice. A comparison of the Complaint and Amended Complaint in civil action no. 87-Z-118 with the allegations and supporting facts presented in the Complaint before the bar today leads to the conclusion that the two cases raise the same issues arising from the same circumstances and also name Ralph Granzella and Richard Hansen as defendants.
 
 
 21
 For example, in the Complaint in civil action no. 89-Z-518, Plaintiff states:
 
 
 22
 On or about 10-27-86, Richard Hansen issued a notice of a violation of the code of penal discipline to the plaintiff (case # 75-11-FY86 Colorado Dept. of Corrections) for wearing a head band in the chowhall.
 
 
 23
 Complaint, C(1)(A)(1). In the Amended Complaint of civil action no. 87-Z-118, Plaintiff states: "Inmate Boarts, after filing a grievance for harassment on Mr. Hansen, was given a Class II write up for wearing his headband in the chow hall, on Oct 31, 1986." Amended Complaint, paragraph no. 236.
 
 
 24
 Additionally, in the Complaint in civil action no. 89-Z-518 the Plaintiff states:
 
 
 25
 Mr. Boarts was then made to work on a labor crew, although he had a medical restriction.... Mr. Boarts' labor assignment, after being terminated from the law library, caused his neck injury to inflame. Mr. Boarts was taken to the doctor on 10-28-86, and the doctor reaffirmed Mr. Boarts lifting limit of 25 lbs., but Mr. Granzella again assigned Mr. Boarts to a labor gang. The labor crew leader, Mr. Carpenter refused to take Mr. Boarts out on the crew, because of Mr. Boarts' injury and lifting limitation.
 
 
 26
 Complaint, page 3B and 3C.
 
 
 27
 The Amended Complaint of civil action no. 87-Z-118 states:
 
 
 28
 Dennis Boarts informed, Mr. Hall, his caseworker, that he had a medical lifting restriction of 25 lbs. ... Mr. Granzella assigned Dennis Boarts to the law library ... Boarts was terminated from his job at the law library on October 21, 1986.... again assigned to a labor crew by Mr. Granzella.... The medical doctor confirmed Dennis Boarts neck injury and 25 lb. lifting limit. The next day, about October 29, 1986 Dennis Boarts was again assigned to a labor crew. Mr. Carpenter, crew leader, refused to take Dennis Boarts out on his labor crew because of the doctors orders.
 
 
 29
 Amended Complaint, pp. 13-15.
 
 
 30
 The Count in the Complaint in civil action no. 89-Z-518 alleges the violation of Plaintiff's First, Eighth, Ninth and Fourteenth Amendment rights and a comparison shows that the Amended Complaint in civil action no. 87-Z-118 alleges the same violations. Complaint, in 89-Z-518 C(1)(A)(1), page 3 and Amended Complaint, in 87-Z-118 paragraph no. 123.
 
 
 31
 In civil action no. 87-Z-118 the Court entered a Judgment of Dismissal with Prejudice against the Plaintiff. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the original action. Allen v. McCurry, 449 U.S. 90, 94 (1980) citing Cromwell v. County of Sac, 94 U.S. 351, 352 (1876); Petro management Corporation v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1335 (10th Cir.1988).
 
 
 32
 As shown above, with the exception of the claim of a loss of seven days good time and ten days earned time, the assertions in the Complaint in the present civil action are included in the prior action which was dismissed with prejudice by the Court. Furthermore, the allegations claiming loss of good time and earned time could have been raised in the prior action. Therefore, Plaintiff is barred by the doctrine of res judicata from asserting the claims set forth in the Complaint in civil action no. 89-Z-518.
 
 
 33
 IT IS RECOMMENDED that Dennis Boarts' Civil Rights Complaint be dismissed with prejudice and Plaintiff be required to obtain leave of Court prior to filing any further actions in this Court.
 
 
 34
 FURTHER, IT IS ORDERED that under Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado, the parties shall have ten (10) days after the service hereof to serve and file any written objections in order to obtain reconsideration by the Honorable Zita L. Weinshienk, District Judge to whom this case is assigned.
 
 
 35
 IT IS FURTHER ORDERED that the Clerk of the United States District Court shall attach to a copy of this Recommendation for the Plaintiff a copy of Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado.
 
 
 36
 DATED at Denver, Colorado, this 17th day of October, 1989.
 
 BY THE COURT:
 
 37
 /s/ Hilbert Schauer
 
 United States Magistrate
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3